IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL J. CONWAY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:08-CV-00201 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Defendant. | ) | |

## UNITED STATES' ANSWER AND COUNTERCLAIM

The United States answers plaintiff's First Amended Complaint for Refund of Taxes Paid ("Complaint") as follows:

### FIRST DEFENSE

The United States believes that this case should be stayed to allow the suit filed by the United States in Nevada, <u>United States v. Nakano and Conway</u>, (D. Nev., 2:08-cv-01340-RLH-GWF), to proceed. However, in light of the deadlines set by this Court in its Scheduling Order of January 6, 2009, the United States must file this Answer and Counterclaim to protect its rights.

### SECOND DEFENSE

The portions of plaintiff's Complaint for the last two quarters of 2001, that assert that passage of the Air Transportation and System Stabilization Act allowed for non-payment of excise taxes **ever**, fail to state a claim for which relief could be granted.

### THIRD DEFENSE

By way of further response, if need be, the United States responds to the specifically numbered paragraphs of the Complaint as follows:

1

1. Admits the allegations in paragraph 1.

2. Admits the allegations in paragraph 2.

3. Admits the jurisdictional allegations made in paragraph 3, but denies that plaintiff is entitled to any refund or abatement.

4. Admits the allegations in the first sentence of paragraph 4. Presently lacks sufficient information to admit or deny the allegations in the last two sentences of paragraph 4.

5. Presently lacks sufficient information to admit or deny the allegations in paragraph 5.

6. Admits that the Air Transportation and System Stabilization Act **deferred** the payment of certain excise taxes. The remainder of paragraph 6 is plaintiff stating his understanding of the law. Therefore, no response is required to the remainder of paragraph 6.

7. Denies that either Congress or the Internal Revenue Service permitted the non-payment of any tax for any periods in the Act or any other law. As plaintiff admits in the first two sentences of paragraph 7, the Act allowed for the "delay" and "deferral" of certain excise taxes. Nowhere does the Act allow for non-payment of any tax.

8. Paragraph 8 is merely plaintiff stating his understanding of the law. Therefore, no response is required to paragraph 8.

9. Admits the allegations in paragraph 9.

10. Presently lacks sufficient information to admit or deny the allegations in paragraph 10 as to what counsel advised National Airlines, Inc. ("National") to do or not to do. Admits that National used its money to pay expenses other than its taxes.

11. Admits that National did not "repay the excise taxes **deferred** by Congress."

12. Admits the allegations in paragraph 12.

13. Admits the allegations in paragraph 13.

14. Admits the allegations in paragraph 14.

15. Admits the allegations in paragraph 15.

16. Denies the allegations in the first sentence of paragraph 16. Admits the allegations in the second sentence of paragraph 16.

17. Admits the excise taxes have not been paid for the periods listed. Denies the remaining allegations in paragraph 17.

18. Denies the allegations in paragraph 18, but admits that plaintiff is personally responsible for the unpaid excise taxes at issue.

19. Denies the allegations in paragraph 19.

20. Denies the allegations in paragraph 20.

21. Denies that the IRS did not provide plaintiff with any notice to which he was entitled. Presently lacks sufficient information to admit or deny the other allegations in the first two sentences of paragraph 21. The remainder of the allegations in 21 are plaintiff stating his understanding of the law. Therefore, no response is required to the remainder of paragraph 21.

22. Presently lacks sufficient information to admit or deny the allegations in paragraph 22.

23. The United States reasserts its responses to paragraphs 4 - 22.

24. Presently lacks sufficient information to admit or deny the allegations in paragraph 24. Even if plaintiff's allegations are correct, plaintiff admits that the Excise Tax Return for the quarter ended September 30, 2000 was filed late (November 30, 2000 per

plaintiff) and that the alleged check to pay the excise taxes was submitted late (also November 30, 2000 per plaintiff.)

25. Presently lacks sufficient information to admit or deny the allegations in paragraph 25.

26. Presently lacks sufficient information to admit or deny the allegations in paragraph 26.

27. Presently lacks sufficient information to admit or deny the allegations in paragraph 27.

28. Admits that plaintiff paid $11.36, but denies the remaining allegations in paragraph 28.

29. Denies the allegations in paragraph 29.

30. Denies that the assessments against plaintiff were illegal, but admits the remaining allegations in paragraph 30.

31. Admits the allegations in paragraph 31.

32. Denies the allegations in paragraph 32.

33. Denies the allegations in paragraph 33.

34. The United States reasserts its responses to paragraphs 4 - 22.

35. Admits that plaintiff paid $14.89 and $14.99, but denies the remaining allegations in paragraph 35.

36. Denies the allegations in paragraph 36.

37. Denies that the assessments against plaintiff were illegal, but admits the remaining allegations in paragraph 37.

38. Admits the allegations in paragraph 38.

39. Denies the allegations in paragraph 39.

## COUNTERCLAIM BY UNITED STATES OF AMERICA AGAINST MICHAEL CONWAY

For its counterclaim against Michael Conway, which has been authorized and requested by a duly authorized delegate of the Secretary of the Treasury of the United States of America and directed on behalf of the Attorney General of the United States of America, and which is brought pursuant to 26 U.S.C. § 7401 and 28 U.S.C. § 1346, the defendant alleges and avers as follows:

1. The plaintiff, Michael Conway, lives in Plano, Texas, which is within the jurisdiction of this court.

2. On March 28, 2006, a delegate of the Secretary of the Treasury made assessment against, and gave notice and demand for payment thereof to, the plaintiff, Michael Conway, for a total of $8,449,400.17, such amount representing the plaintiff's liability under 26 U.S.C. § 6672 for unpaid excise taxes for the third quarter of 2000 and the third and fourth quarter of 2001 for National Airlines, Inc.

3. To date, the plaintiff has made payments to the Internal Revenue Service, or had credits posted to his account, in the amount of $41.24.

4. The plaintiff has neglected, failed and refused to pay the full amount of the assessments described in paragraph 2, and there remains due and owing on said assessments a total of $8,449,358.93 plus interest and all statutory additions thereon as provided by law.

WHEREFORE, the United States of America prays as follows:

A. That this Court stay this case pending the outcome of <u>United States v. Nakano</u>

and Conway, (D. Nev., 2:08-cv-01340-RLH-GWF).

B.   In the event that this case is not stayed, that this Court order, adjudge and decree that the plaintiff, Michael Conway, is not entitled to any refund or any other relief, that his Complaint be dismissed with prejudice, that the plaintiff, Michael Conway, is indebted to the United States of America in the amount of $8,449,358.93 plus interest and all statutory additions thereon provided by law, and that the United States have a judgment against him for that amount.

C.   That the United States of America be granted such other and further relief as the Court deems just and proper.

REBECCA A. GREGORY
United States Attorney

/s/ Jon E. Fisher
JON E. FISHER
Trial Attorney, Tax Division
State Bar No. 550177-MA
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9730
(214) 880-9774 (facsimile)
Jon.Fisher@USDOJ.gov

ATTORNEYS FOR THE UNITED STATES

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2009, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

>Tim A. Tarter, Esq.
>Woolston & Tarter, P.C.
>2400 E. Arizona Biltmore Cir.
>Suite 1430
>Phoenix, Arizona 85016-2114
>
>M. Todd Welty
>Laura L. Gavioli
>Claire I. Wade
>Lezlie B. Willis
>Sonnenschein Nath & Rosenthal LLP
>2000 McKinney Ave., Suite 1900
>Dallas, Texas 75201-1858

>/s/ Jon E. Fisher
>JON E. FISHER